O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERISE TOUHEY, on behalf of herself and all others similarly situated, | Case No. EDCV 08-1418-VAP (RCx) |
| | **[Motion filed on April 17, 2009]** |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| UNITED STATES OF AMERICA and MICHAEL B. MUKASEY, in his official capacity as United States Attorney General, | |
| Defendants. | |

       Defendants' Motion to Dismiss came before the Court

for hearing on June 15, 2009.  After reviewing and

considering all papers filed in support of, and in

opposition to, the Motion, as well as the arguments

advanced by counsel at the hearing, the Court DENIES the

Motion.

1                          **I.  BACKGROUND**

2  **A.   Factual Allegations**

3        On or about June 21, 2007, Drug Enforcement

4  Administration ("DEA") agents seized $26,943.83 from a

5  bank account held by Plaintiff Cherise Touhey

6  ("Plaintiff"), as well as other money from other accounts

7  held by Plaintiff and accounts held by other persons.

8  (Compl. ¶¶ 27-30.)  On or about August 6, 2007, Plaintiff

9  filed a claim with DEA contesting the forfeiture of the

10 $26,943.83.  (Id. at ¶ 29.)  On October 13, 2007, the

11 government instituted a judicial forfeiture proceeding

12 against some of the assets seized on June 21, 2007 but

13 not against Plaintiff's $26,943.83.  (Id. at ¶ 30.)  The

14 government returned Plaintiff's $26,943.83 on January 9,

15 2008 but "did not include the nearly seven months'

16 interest accrued on the funds, and the [D]efendants have

17 never returned said interest to [Plaintiff]."  (Id. at ¶

18 31.)

19

20 **B.   Procedural History**

21        On October 14, 2008, Plaintiff, on behalf of herself

22 and all others similarly situated, filed a putative class

23 action Complaint against Defendants United States of

24 America and Michael B. Mukasey seeking: (1) "[A]n

25 injunction and/or declaratory relief ordering payment or

26 disgorgement of interest accrued on all seized funds

27 later returned" pursuant to 5 U.S.C. § 701, et seq.; and

28

                                   2

1  (2) "[A]n injunction and/or declaratory relief ordering

2  defendants to pay interest on all returned funds as to

3  all pending and future seizures" pursuant to 5 U.S.C. §

4  701, <u>et</u> <u>seq.</u>

5

6      On April 17, 2009, Defendants filed a "Motion to

7  Dismiss Action" ("Motion") and Request for Judicial

8  Notice ("RJN"), with six exhibits attached.  Plaintiff

9  filed Opposition on May 4, 2009.  Defendants filed a

10  Reply on May 15, 2009 and a Supplemental Request for

11  Judicial Notice ("Supp. RJN"), attaching two additional

12  exhibits.

13

14                    **II.  LEGAL STANDARD**

15      Under Rule 12(b)(6), a party may bring a motion to

16  dismiss for failure to state a claim upon which relief

17  can be granted.  As a general matter, the Federal Rules

18  require only that a plaintiff provide "'a short and plain

19  statement of the claim' that will give the defendant fair

20  notice of what the plaintiff's claim is and the grounds

21  upon which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47

22  (1957) (quoting Fed. R. Civ. P. 8(a)(2)); <u>Bell Atlantic</u>

23  <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  In addition,

24  the Court must accept all material allegations in the

25  complaint - as well as any reasonable inferences to be

26  drawn from them - as true.  <u>See</u> <u>Doe v. United States</u>, 419

27

28

                                3

1 | F.3d 1058, 1062 (9th Cir. 2005); <u>ARC Ecology v. U.S.</u>

2 | <u>Dep't of Air Force</u>, 411 F.3d 1092, 1096 (9th Cir. 2005).

3

4 |     "While a complaint attacked by a Rule 12(b)(6)

5 | motion to dismiss does not need detailed factual

6 | allegations, a plaintiff's obligation to provide the

7 | 'grounds' of his 'entitlement to relief' requires more

8 | than labels and conclusions, and a formulaic recitation

9 | of the elements of a cause of action will not do." <u>Bell</u>

10 | <u>Atlantic</u>, 550 U.S. at 555 (citations omitted).  Rather,

11 | the allegations in the complaint "must be enough to raise

12 | a right to relief above the speculative level."  <u>Id</u>.

13

14 |     In other words, the allegations must be plausible on

15 | the face of the complaint.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556

16 | U.S. __, 129 S. Ct. 1937, 1949 (2009).  "The plausibility

17 | standard is not akin to a 'probability requirement,' but

18 | it asks for more than a sheer possibility that a

19 | defendant has acted unlawfully.  Where a complaint pleads

20 | facts that are 'merely consistent with' a defendant's

21 | liability, it stops short of the line between possibility

22 | and plausibility of 'entitlement to relief.'"  <u>Id.</u>

23 | (citations and internal quotations omitted).

24

25 |     Although the scope of review is limited to the

26 | contents of the complaint, the Court may also consider

27 | exhibits submitted with the complaint, <u>Hal Roach Studios,</u>

28

1 <u>Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19

2 (9th Cir. 1990), and "take judicial notice of matters of

3 public record outside the pleadings," <u>Mir v. Little Co.</u>

4 <u>of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988).

5

6 ### III. DISCUSSION

7     Defendants move to dismiss Plaintiff's Complaint

8 claiming: (1) Plaintiff lacks standing to bring her

9 claims; (2) the Court has limited review of APA actions

10 and should not review the APA's actions in this case; (3)

11 Plaintiff has not exhausted her administrative remedies

12 under the APA, 5 U.S.C. § 701, et seq., before filing

13 this lawsuit; and (4) Plaintiff cannot state a claim for

14 violation of the APA or the Little Tucker Act, 28 U.S.C.

15 § 1346(a)(2).   (<u>See</u> Mot. at 1-2.)

16

17 **A.   Standing**

18     Defendants move the Court to dismiss Plaintiff's

19 Complaint because Plaintiff lacks standing.  (<u>See</u> Mot. at

20 13-16.)  To satisfy the Court's standing requirements

21 under Article III to the United States Constitution, a

22 plaintiff must show: (1) injury in fact; (2) causation;

23 and (3) redressability.  <u>See</u> <u>Friends of the Earth, Inc.</u>

24 <u>v. Laidlaw Environmental Serv. (TCO), Inc.</u>, 528 U.S. 167,

25 168-69 (2000) (citing <u>Lujan v. Defenders of Wildlife</u>, 504

26 U.S. 555, 560-61 (1992)).

27

28

1        **1.   Injury in Fact**

2        Plaintiff's purported injury was Defendants' return

3   of Plaintiff's seized money without the interest it

4   accrued during the seven months the Government held it.

5   (See Compl. at ¶ 31.)   To show injury in fact, a

6   Plaintiff must have suffered "an invasion of a legally

7   protected interest which is (a) concrete and

8   particularized; and (b) actual or imminent, not

9   conjectural or hypothetical."   Lujan, 504 U.S. at 560

10  (internal citations and quotations omitted).

11

12       According to Defendants, Plaintiff cannot show she

13  has suffered an injury in fact because they had no legal

14  obligation to pay interest accrued on Plaintiff's seized

15  money at the time they returned the money.  (See Mot. at

16  14.)   That requirement - to return accrued interest on

17  money the Government seized improperly, even in the

18  absence of a court order requiring them to do so - only

19  arose after issuance of Carvajal v. United States, 521

20  F.3d 1242 (9th Cir. 2008); Carvajal, decided four months

21  after the Government returned Plaintiff's money, "caused

22  a change in the law and created a new legal obligation

23  that had not previously existed." (Mot. at 10.)[1]

24  Defendants argue the obligations imposed by Carvajal do

25  not apply to their actions here because they returned the

26  _____

27       [1] In their moving papers, Defendants attack Carvajal
    and argue the Court should not follow it.  (See Mot. at
28  5, 11-12.)  Carvajal is binding precedent.

1 seized funds before the Ninth Circuit issued its

2 decision, and therefore Plaintiff cannot show injury in

3 fact.  (Id.)

4

5      In opposition, Plaintiff argues Carvajal did not

6 change the law, but rather recognized the continued

7 viability of the legal obligation to return interest on

8 improperly seized assets, announced thirteen years

9 earlier in U.S. v. $277,000 U.S. Currency, 69 F.3d 1491

10 (9th Cir. 1995).  (See Opp'n at 9-11.)  According to

11 Plaintiff, Defendants breached their legal obligation,

12 existing at the time it returned Plaintiff's seized funds

13 without any interest, thereby demonstrating her injury in

14 fact.  (Id. at 10.)

15

16      In $277,000, the government seized cash and a truck

17 from Ramon Montes and instituted forfeiture proceedings

18 against the property.  69 F.3d at 1492.  After

19 approximately five years, the district court ordered the

20 government to return the property to Mr. Montes with

21 interest.  Id.  The government moved to set aside the

22 judgment, the district court denied the motion, and the

23 government appealed.  Id.

24

25      On appeal, the government argued sovereign immunity

26 barred Mr. Montes' recovery of prejudgment interest.  Id.

27 at 1493.  The Ninth Circuit recognized the rule that

28

1  "interest cannot be recovered in a suit against the

2  government in the absence of an express waiver of

3  sovereign immunity from an award of interest."  Id.

4  (internal quotations and citation omitted).  Despite the

5  rule, the court found the case did not implicate

6  sovereign immunity, as "[t]here [was] no element ... of

7  forcing the government to pay for damage it ha[d] done,

8  only [an order] that it must disgorge benefits that it

9  ha[d] actually and calculably received from an asset that

10  it ha[d] been holding improperly."  Id. at 1498.  Thus,

11  the court affirmed the district court's denial of the

12  government's motion.  Id.

13

14      Thirteen years later, the Ninth Circuit revisited the

15  issue in Carvajal, when it determined whether or not the

16  holding in $277,000 remained viable after Congress passed

17  the Civil Asset Forfeiture Reform Act ("CAFRA") in 2000.

18  521 F.3d at 1244.  Under CAFRA, a person may recover

19  interest accrued on improperly seized assets "when the

20  government institutes civil forfeiture proceedings and a

21  plaintiff substantially prevails."  Carvajal, 521 F.3d at

22  1247; see also 28 U.S.C. § 2465(b)(1)(C).

23

24      In Carvajal, the plaintiff sought return of "accrued

25  interest on currency that the government wrongfully

26  seized and then returned 10 months later, without having

27  instituted judicial foreclosure proceedings."  Id.  The

28

8

1  plaintiff brought her claim for interest under $277,000,

2  not under CAFRA.

3

4      The Ninth Circuit found "CAFRA [did not] supplant[]

5  all pre-CAFRA forfeiture law" and, because it "did not

6  address in any way what happens in the absence of a civil

7  forfeiture proceeding," the holding in $277,000 remained

8  good law and did not conflict with CAFRA.  Carvajal, 521

9  F.3d at 1247-49.  Furthermore, the court declined the

10 government's request to "read into $277,000 ... the

11 requirement of a court order before interest accrues on

12 improperly seized money."  Id. at 1245-46.  The court

13 found the government's own determination that it held

14 funds improperly and decision to return the funds

15 obviated the need for a court order.  Id.  Accordingly,

16 the court found the district court improperly dismissed

17 the plaintiff's claim for interest on her improperly

18 seized funds.  Id. at 1249.

19

20     Defendants' attempts to evade the holding of Carvajal

21 fail.  That case did not create a change in forfeiture

22 law, but rather recognized the continued viability of

23 $277,000 and its application in the very context

24 presented here.  In other words, when Defendants returned

25 Plaintiff's money to her, $277,000 required the

26 government to return interest earned on the money to

27 Plaintiff, as the Carvajal decision later explicitly

28

1 held.  Carvajal, 521 F.3d at 1247-49.  Defendants'

2 failure to return the earned interest to Plaintiff

3 constitutes Plaintiff's injury in fact.  Accordingly,

4 this prong of the standing analysis is satisfied.

5

6     **2.   Causation**

7     As to the causation prong, Defendants baldly argue

8 Plaintiff "is incapable of ... alleging a causal

9 connection between her alleged injury (the non-receipt of

10 interest on the returned funds) and any agency action."

11 (Mot. at 15.)  According to Defendants, they relied on

12 their interpretation of CAFRA by returning Plaintiff's

13 money without interest.  (Id.)  Finally, Defendants argue

14 Plaintiff's commencement of this lawsuit before asking

15 them for the interest "had the effect of preventing

16 agency action on the request, nullifying any potential

17 causal connection."  (Id. at 16.)

18

19     To satisfy the causation requirement, a plaintiff

20 must show a "causal connection between the injury and the

21 conduct complained of - the injury has to be 'fairly ...

22 trace[able] to the challenged action of the defendant,

23 and not th[e] result [of] the independent action of some

24 third party not before the court.'"  Lujan, 504 U.S. at

25 560 (quoting Simon v. E. Ky. Welfare Rights Org., 426

26 U.S. 26, 41-42 (1976)).

27

28

1    Defendants' arguments are not persuasive.

2   Plaintiff's injury - non-receipt of the interest owed her

3   - was a direct result of Defendants returning her money

4   without accrued interest.  Whether or not Plaintiff first

5   asked Defendants for the interest before filing her

6   lawsuit is irrelevant to this inquiry; her injury

7   occurred when she received her seized funds without

8   interest.  There exists a direct connection between

9   Defendants' action and Plaintiff's injury.

10

11       **3.   Redressability**

12       Defendants argue "Plaintiff cannot demonstrate a

13   likelihood of redress for the reasons explained in these

14   papers.  The utter lack of agency action is an absolute

15   bar to her APA claims."  (Mot. at 16.)

16

17       To satisfy the redressability requirement, the

18   plaintiff must show "it must be likely, as opposed to

19   speculative, that the injury will be redressed by a

20   favorable decision."  <u>Lujan</u>, 504 U.S. at 560 (internal

21   quotations and citation omitted).

22

23       Clearly, a judgment from this Court ordering

24   Defendants to pay Plaintiff the interest accrued on her

25   money while the Government held it would redress

26   Plaintiff's injury.  Thus, Plaintiff satisfies this

27   prong.

28

11

1    Accordingly, the Court finds Plaintiff has
2  established her standing to bring this lawsuit.
3
4    Furthermore, Plaintiff has stated a claim for
5  violation of the APA by alleging facts that fall squarely
6  under $277,000, as recognized in Carvajal.
7
8  **B.   APA Reviewable Agency Action & Exhaustion**
9    Next, Defendants argue the Court does not have
10 jurisdiction to hear this case for two reasons: (1)
11 Plaintiff seeks judicial intervention for an agency
12 action that was not final nor reviewable by the Court;
13 and (2) Plaintiff did not exhaust her administrative
14 remedies before filing this lawsuit.  (See Mot. at 17-
15 20.)  In Opposition, Plaintiff argues Defendants' return
16 of her money without interest constituted a final agency
17 action and she had no venue in which to bring her claim
18 besides this Court, as there were no further
19 administrative remedies available to her.  (See Opp'n at
20 12.)
21
22    Claims brought under the APA, as are Plaintiff's
23 here, may be brought only to review final agency actions.
24 See 5 U.S.C. § 704.  Courts apply the exhaustion doctrine
25 - that is, to require aggrieved persons to bring their
26 complaint first against the agency, before seeking
27 judicial intervention - "to allow an administrative
28

1  agency to perform functions within its special competence

2  to make a factual record, to apply its expertise, and to

3  correct its own errors so as to moot judicial

4  controversies."  Parisi v. Davidson, 405 U.S. 34, 37

5  (1972).

6

7      Here, the Court is not persuaded by Defendants'

8  argument that their return of Plaintiff's money did not

9  constitute a final agency action for the purposes of the

10 APA.  The decision by Defendants not to institute

11 forfeiture proceedings against Plaintiff's money and

12 return the money to Plaintiff constituted a final

13 decision with respect to that asset.  There is no

14 evidence before the Court to demonstrate the return of

15 Plaintiff's money was conditional, for example.

16 Accordingly, the Court finds Plaintiff's claims arise

17 from a final agency action, meeting the requirements of 5

18 U.S.C. § 704.

19

20     Turning to Defendants' exhaustion argument, the Court

21 finds Plaintiff has exhausted her administrative

22 remedies.  Based on the record here, there was no

23 explicit administrative procedure within which Plaintiff

24 could assert her claims for the interest earned on her

25 seized money.  Although Plaintiff challenges a final

26 action by an administrative agency, the agency provided

27 no procedure for Plaintiff to raise her claim; thus, the

28

13

1  Court declines to dismiss Plaintiff's Complaint for her

2  failure to comply with a non-existent administrative

3  procedure.

4

5  **C.    Venue**

6       Next, Defendants argue this Court is not the proper

7  venue for this action and urges the Court to transfer the

8  case to the Court of Federal Claims.  (See Mot. at 28-

9  30.)  Defendants point out not all Circuits have adopted

10  the rule of the Ninth Circuit, recognizing the duty of

11  the government to return interest accrued on seized

12  assets it returns; thus, certifying a nationwide class

13  action would be improper in this case.  (Id.)  As

14  Plaintiff argues in Opposition, Defendants cite no

15  authority for this argument.  Accordingly, the Court

16  finds Defendants' position on this issue unfounded.

17

18

19

20

21

22

23

24

25

26

27

28

1        **IV. CONCLUSION**

2        For the foregoing reasons, the Court DENIES

3    Defendants' Motion to Dismiss.[2]

4

5

6    Dated: August 20, 2009        _____
                                    VIRGINIA A. PHILLIPS
7                                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21
       [2]   The Court does not consider Defendants' arguments
22   regarding Plaintiff's purported release of her claims.
     Consideration of both parties' arguments on this issue
23   requires the evaluation of documents outside the four
     corners of the Complaint, and of which the Court cannot
24   take judicial notice, such as the correspondence of
     counsel between August 6, 2007 and January 2, 2008 about
25   the return of Plaintiff's funds and the Government's
     request that Plaintiff sign a Release.  See Hal Roach
26   Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,
     1555 n.19 (9th Cir. 1990).  The Court declines to convert
27   this Motion into one seeking summary judgment.
     Accordingly, for the purposes of this Motion, the Court
28   does not consider those arguments.

                              15