```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  California Bar No. 149883
    Assistant United States Attorney
 5  Chief, Asset Forfeiture Section
    VICTOR A. RODGERS
 6  California Bar No. 101281
    Assistant United States Attorney
 7  Asset Forfeiture Section
         Federal Courthouse, 14th Floor
 8       312 North Spring Street
         Los Angeles, California 90012
 9       Telephone:  (213) 894-6166/2569
         Facsimile:  (213) 894-7177
10       E-mail: steven.welk@usdoj.gov
                 victor.rodgers@usdoj.gov
11
    Attorneys for Defendants
12  UNITED STATES OF AMERICA, et al.
```

                    UNITED STATES DISTRICT COURT

                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

                              EASTERN DIVISION

| | |
|---|---|
| CHERISE TOUHEY, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA and MICHAEL B. MUKASEY, in his official capacity as United States Attorney General,<br><br>　　　　Defendants. | Case No. EDCV 08-1418-VAP(RCx)<br><br>**STIPULATED PRIVACY ACT PROTECTIVE ORDER** |

Pursuant to the stipulation and request of the parties, and good cause appearing therefor, IT IS HEREBY ORDERED that:

1.  For purposes of this Order, terms used herein that are defined in the settlement agreement entered in this action and preliminarily approved by the court shall have the meanings given in the settlement agreement.

2.  Pursuant to 5 U.S.C. § 552a(b)(11), defendants are hereby authorized to release to class counsel, claims administrators, persons retained by defendants ("defendant-retained contractors") to assist defendants in the performance of their duties under the settlement agreement and, if applicable, the court (a) information relating to the return to claimants of currency seized by defendants and (b) information contained in their files pertaining to the seizures, without obtaining the prior written consent of the individuals to whom such information pertains.  Such information includes all records which identify claimants by name, social security number, taxpayer identification number, address or any other identifying particular.  The records and all information derived therefrom may be used only for purposes relating to the implementation and administration of the settlement, which purposes include communicating with claimants regarding issues directly related to their claims in this litigation; obtaining claimants addresses in order to provide notice; determining whether individual persons or entities are entitled to a monetary payment pursuant to the settlement; adjudicating appeals to claims administrators that may be brought pursuant to the terms of the settlement agreement; causing payment to be made and accompanying tax documentation to be provided in payment of claims pursuant to

the settlement; and submitting reports pursuant to the terms of the settlement agreement.

3. The information disclosed pursuant to this order shall be stamped or otherwise identified as being "CONFIDENTIAL." Under no circumstances may any government records or any information derived therefrom that are disclosed pursuant to this Order be used for any purpose, either directly or indirectly, not relating to the implementation and administration of the settlement.

4. Except as provided in paragraphs 5 and 6 below, records and information produced pursuant to this order may be disclosed by claims administrators only to persons regularly in the employ of such persons or entities, or to independent contractors retained by such persons or entities, who have a need for the information in the performance of their specified duties relating to the implementation and administration of the settlement. All individuals obtaining access to the records produced pursuant to this order shall be required to sign the attached acknowledgment form indicating that they have read and agree to abide by the terms of this order. Such acknowledgment forms shall be retained by claims administrators and shall be made available to defendants upon request.

5. In connection with any decisions they render on any claims or appeals they receive pursuant to the settlement, designated government officials and claims administrators are authorized to include in the written decisions any information derived from records released pursuant to this Order. Designated government officials and claims administrators may issue such decisions to the claimant to whom it pertains, defendants or class

1  counsel as appropriate, and the court, when appropriate.
2      6.   Designated government officials, claims administrators
3  and defendant-retained contractors are authorized to include in any
4  reports or tabulations that are required to be made in accordance
5  with the terms and conditions of the settlement, information
6  derived from records to be released pursuant to this order  Such
7  reports or tabulations cannot be released or disseminated except as
8  provided in the settlement.
9      7.   Any filings with the court that contain Privacy Act
10 information produced pursuant to this Order, i.e., information that
11 identifies claimants by name, social security number or other
12 identifying particular, shall not be made unless the party seeking
13 to file the information complies with Local Rule 79-5 pertaining to
14 filing material under seal.
15     8.   All records and information that are disclosed pursuant
16 to this Order to persons or entities outside of the government must
17 be returned by such persons or entities to defendants, or
18 destroyed, no later than two (2) years after Final Approval.  Also,
19 any records created by persons or entities outside of the
20 government that contain information derived from records or
21 information produced pursuant to this Order must be returned to
22 defendants, or destroyed, no later than two (2) years after
23 completion by the person or entity of all responsibilities imposed
24 upon it by the settlement or law.  Should class counsel or claims
25 administrators elect to destroy the records rather than return
26 them, such persons or entities shall certify in writing to
27 / / /
28 / / /

4

defendants that all such records and copies thereof have been destroyed.

DATED: February 3, 2011

_____
THE HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

LAW OFFICES OF ERIC S. HONIG

/s/ Eric S. Honig
ERIC S. HONIG

Attorneys for Plaintiffs
CHERISE TOUHEY, on behalf
of herself and all others
similarly situated


ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
Assistant United States Attorney
Asset Forfeiture Section


/s/ Victor A. Rodgers
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Defendants
UNITED STATES OF AMERICA and
MICHAEL B. MUKASEY, in his official
capacity as United States Attorney
General

ACKNOWLEDGMENT

I, _____, hereby acknowledge that I have read and understand the Stipulated Privacy Act Protective Order entered in <u>Touhey, et al. v. United States, et al.</u>, Case No. EDCV 08-1418-VAP(RCx), a copy of which is attached hereto. I hereby agree to be bound by the terms of the Order and to use the records and information that are subject to the Order only for purposes of the implementation and administration of the settlement that has been entered into in the <u>Touhey</u> lawsuit, and not for any other purpose. I additionally agree that my duties under this acknowledgment shall survive the resolution of all claims in the <u>Touhey</u> lawsuit and are binding upon me for all time.

DATED: _____

_____
NAME (Print or type)

_____
SIGNATURE